UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : |
| v. | : Docket No. 1:12-cr-41-jgm-1 |
| | : |
| RICHARD PIPER, | : |
| | : |
| Defendant. | : |

# MEMORANDUM AND ORDER ON
# THE DEFENDANT'S MOTION TO DISMISS INDICTMENT
(Doc. 19)

I.  Introduction

The defendant, Richard Piper, has moved to dismiss the indictment against him for failing to register under the Sex Offender Registration and Notification Act ("SORNA"). He first asserts that its registration requirements do not apply to him and that, as a matter of law, the government is unable to prove its case. (Doc. 19 at 1-2.) The defendant also contends that SORNA violates the non-delegation doctrine, the Ex Post Facto Clause, the Commerce Clause, and the Tenth Amendment. Id. United States v. Guzman, 591 F.3d 83, 89-95 (2d Cir. 2010), forecloses these constitutional challenges, and the Court declines to revisit them here. See also United States v. Roy, 11-cr-109, at 7-11 (D. Vt. May 16, 2012). Because the defendant's challenge to the sufficiency of the government's proof is premature at this point in the prosecution, his first ground is unavailing also. The defendant's motion to dismiss is therefore DENIED.

II. Background

The defendant pleaded guilty in Vermont state court in 2009 to two counts of open and gross lewdness and lascivious behavior in violation of section 2601 of title 13, Vermont Statutes Annotated,

as well as one condition of release violation. (Doc. 28-3 at 4.) In the probable cause affidavit[1] for the first count, a state police trooper alleged that a witness observed the defendant masturbating in his car in the parking lot of an athletic facility in July 2007. (Doc. 28-5 at 1.) The witness told the trooper that "there were multiple children around the area" at this time. Id. When she saw her daughter leave the facility, the witness left her vehicle to intercept her daughter. Id. She also called the state police. Id. As she walked past the defendant's vehicle and reported his license plate number, the defendant drove away. Id. In a subsequent interview at the state police barracks, the defendant admitted he had masturbated in the parking lot. Id. at 2.

The affidavit for the second lewd and lascivious count alleged that, a few days later, the defendant masturbated at a swimming area. (Doc. 28-4 ¶¶ 5-7.) As she exited her vehicle with three younger relatives, a witness observed the defendant standing next to his vehicle and masturbating. Id. ¶ 5. Later, while swimming with her relatives and two friends, she observed him masturbating on the rocks nearby. Id. ¶ 6. During an interview with a state trooper following this incident, the defendant acknowledged that he touched himself while naked in the parking lot but denied masturbating on the rocks. Id. ¶ 7.

At his change of plea hearing, the defendant admitted he committed the offenses described in the probable cause affidavits. (Doc. 28-3 at 4-5.) Following that hearing, a state judge sentenced the defendant to a term of twenty-four to sixty months' imprisonment, all suspended except for six months, with probation to follow. (Doc. 19 at 1.) The criminal complaint in this case alleges that the defendant signed a "Vermont Sexual Offender Registry Notification of Requirement to Register" form on the same day as his sentencing. (Doc. 1-1 ¶ 5.) The form informs the defendant of his obligation to

---

[1] The Court summarizes the content of the affidavits that follow for context only. The parties should not interpret these summaries as factual findings.

notify the state registry of any change to his address if he intends to move out of state and to register with the registry in that new state. Id. ¶ 6. The complaint alleges that the state police in Vermont cited the defendant for a new lewd and lascivious conduct violation in June 2011. Id. ¶ 7. The defendant purportedly moved to Florida in response and failed to register as a sex offender there. Id. ¶¶ 9-10.

A federal grand jury returned an indictment against the defendant in March 2012. The indictment alleges that:

> Beginning in or about July 2011 and continuing until September 2011, in the District of Vermont and elsewhere, the defendant, RICHARD PIPER, a person required to register under the Sex Offender Registration and Notification Act, having traveled in interstate commerce, did knowingly fail to register, and update his registration, as a sex offender.

(Doc. 3.) The indictment tracks the language of 18 U.S.C. § 2250, which states, in relevant part, that "[w]hoever--(1) is required to register under [SORNA]; (2) . . . travels in interstate or foreign commerce . . . ; and (3) knowingly fails to register or update a registration as required by [SORNA]; shall be fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C. § 2250(a).

The defendant now moves to dismiss this indictment, alleging, inter alia, that the government cannot prove an essential element of its case: namely, that he was "required to register under [SORNA]." (Doc. 19 at 1-2.) He asserts his state court convictions for lewd and lascivious conduct under section 2601 of title 13, Vermont Statutes Annotated, do not fall within SORNA's definition of "sex offense." Id. at 2-5. In determining whether his underlying convictions meet this definition, the defendant contends the Court should apply a categorical approach based solely on the elements of § 2601. Id.

The government responds that the defendant's classification under SORNA is a question of fact a pretrial motion to dismiss cannot resolve. (Doc. 28 at 4.) The government hedges that, if the Court decides otherwise, it should apply a modified categorical approach and examine facts disclosed

3

by the record of conviction.  Id.  Relying on the probable cause affidavits that support both lewd and lascivious charges, the government asserts the defendant's convictions for these state crimes constitute sex offenses under SORNA because he committed them against minors.  Id. at 8-9.  In reply, the defendant argues: (a) the applicability of SORNA is a question of law; (b) Second Circuit precedent dictates that the categorical approach should apply; and (c) SORNA is inapplicable even if the modified categorical approach is applied.  (Doc. 29 at 1-10.)

III.   Discussion

The defendant's motion to dismiss is premature at this stage in the case.  Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  Fed. R. Crim. P. 12(b)(2).  "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged."  United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995).  Rule 12(b)(2) thus bars defendants from challenging the sufficiency of the government's evidence prior to trial.  The Second Circuit has stated that, "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . , the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."[2]  United States v. Alfonso, 143 F.3d 772, 776-

---

[2] While the government has proffered informations, affidavits, and transcripts from the defendant's state court prosecutions, see Docs. 28-1 through 28-5, it may well submit additional evidence at trial.  The government has not outlined all the evidence on which it intends to rely at trial.  Rather, the government appears to have submitted evidence it would rely on if the court applies a categorical or modified categorical approach.  (Doc. 28 at 8-9.)  The procedural posture here thus contrasts with United States v. Mennuti, 639 F.2d 107, 112-13 (2d Cir. 1981), which affirmed the dismissal of an indictment where the government lacked sufficient proof to satisfy the jurisdictional element of the federal arson statute.  The government there had responded to the motion to dismiss by submitting an affidavit containing the facts on which it intended to rely.  Id. at 108-09 n.1.  The government has not submitted a similar affidavit in this case.  See Doc. 28.  Because the government has "made no detailed presentation of the entirety of the evidence that it would present to a jury," the exception identified in United States v. Alfonso for full evidentiary proffers is inapplicable.  See Alfonso, 143 F.3d at 777.  Further, such proffers do not necessarily

4

77 (2d Cir. 1998) (reinstating indictment that the district court had dismissed on the grounds that the government lacked sufficient evidence to prove jurisdictional element of federal robbery charges).  A defendant is instead limited to challenging whether the indictment meets "basic pleading requirements and [is] valid on its face."  See United States v. Perez, 575 F.3d 164, 166-67 (2d Cir. 2009).  The defendant has not challenged the facial validity of the indictment here.  Nor does it appear he has grounds to do so, as the indictment states the elements of the charged SORNA offense.  Compare Doc. 3 with 18 U.S.C. § 2250(a).  The defendant instead challenges the government's proof of the SORNA offense stated in the indictment.  Whether his state convictions under section 2601 of title 13, Vermont Statutes Annotated, constitute sex offenses, for the purposes of SORNA, goes to the sufficiency of the government's evidence.  To decide his motion to dismiss, the defendant would have the Court "look[] beyond the face of the indictment and dr[a]w inferences as to the proof that would be introduced by the government at trial."  Alfonso, 143 F.3d at 777.  Such an inquiry is premature before trial.  See United States v. Jackson, No. 00-cr-0285, 2000 WL 816803, at *1 (S.D.N.Y. June 23, 2000) (explaining that motion to dismiss indictment improper method for challenging validity of underlying conviction in felon in possession prosecution).  If the defendant continues to dispute SORNA's applicability "[a]fter the government closes its evidence or after the close of all the evidence," he may then move for acquittal under Rule 29.  See, e.g., United States v. Fruchter, 104 F. Supp. 2d 289, 298 (S.D.N.Y. 2000).

The defendant asserts the Court may resolve his motion to dismiss prior to trial because it only raises a legal question. (Doc. 29 at 2-4.)  He contends the Court will apply either a categorical or

---

disfavor the government. Id. at 777 n.7. If the Court dismisses the indictment prior to trial, the government may immediately appeal. Id. "In the absence of a pretrial ruling, [however,] the government faces the risk that the court may ultimately grant a motion to acquit . . . for failure to satisfy an element of the offense, in which case the government would have no opportunity to appeal." Id.

modified categorical approach in deciding SORNA's applicability as a matter of law. Id. The defendant concludes the court may therefore decide his motion "without a trial of the general issue." See Fed. R. Crim. P. 12(b)(2). His argument is unavailing. First, the defendant's classification as a sex offender under SORNA raises factual questions that must be decided at trial. Second, even if his classification raised a pure question of law, the Court would decline to decide it on a motion to dismiss the indictment.

The criminal enforcement provision of SORNA requires the government to prove, as an essential element of its case, the defendant was "required to register under [SORNA]." 18 U.S.C. § 2250(1). SORNA, in turn, provides that "sex offender[s] shall register," 42 U.S.C. § 16913(a), and defines "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). Subsection 16911(5)(A) of SORNA defines "sex offense" as "(i) a criminal offense that has an element involving a sexual act or sexual contact with another; [or] (ii) a criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(A)(i)-(ii). The subsection also identifies specific federal and military offenses that qualify and covers attempts or conspiracies to commit sex offenses. 42 U.S.C. § 16911(5)(A)(iii)-(v). The government contends the defendant's lewd and lascivious conduct offenses constitute specified offenses against a minor, which subsection 16911(7) defines as follows.

> The term 'specified offense against a minor' means an offense against a minor that involves any of the following:
>
> (A) An offense (unless committed by a parent or guardian) involving kidnapping.
> (B) An offense (unless committed by a parent or guardian) involving false imprisonment.
> (C) Solicitation to engage in sexual conduct.
> (D) Use in a sexual performance.
> (E) Solicitation to practice prostitution.
> (F) Video voyeurism as described in section 1801 of Title 18.
> (G) Possession, production, or distribution of child pornography.
> (H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
> (I) Any conduct that by its nature is a sex offense against a minor.

42 U.S.C. § 16911(7).

Subsections 16911(5)(A)(ii) and 16911(7) raise factual questions about the defendant's predicate offenses. The government has acknowledged that the definition of "sex offense" in 16911(5)(A)(i) is inapplicable here, as the defendant's convictions did not involve sexual acts or sexual contact with another. (Doc. 28 at 6.) That definition explicitly directs the courts to analyze the elements of the predicate offense only. See United States v. Byun, 539 F.3d 982, 991 (9th Cir. 2008) (explaining that "[t]he specific reference to an 'element' [in subsection 16911(5)(A)(i)] requires an analysis of the statutory elements, rather than an examination of the underlying facts"). The definition of "sex offense" in subsection 16911(5)(A)(ii) for specified offenses against minors contains no similar limitation. This contrast suggests that analysis of the underlying facts is permissible under subsection 16911(5)(A)(ii). If Congress had intended to foreclose such analysis, as it did in subsection 16911(5)(A)(i), it could have included limiting language.

Through its definition of "specified offense against a minor," subsection 16911(7) also supports inquiring into the facts underlying the defendant's predicate offenses. The definition requires the defendant commit them "against a minor" yet lists offenses, ranging from false imprisonment to video voyeurism, that do not necessarily require proof the victim was a minor. See 42 U.S.C. § 16911(7). In suggesting "that any [listed] offense becomes a 'specified offense against a minor' when the victim is a minor," subsection 16911(7) invites analysis of facts beyond the elements of the underlying offense. Byun, 539 F.3d at 992. The list of specified offenses also includes "[a]ny conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(i). This catch-all "could not be any broader." United States v. Dodge, 597 F.3d 1347, 1355 (11th Cir. 2010). Through its inclusion, SORNA "suggest[s] again that for the category of 'specified offense[s] against a minor,' it is the underlying 'conduct,' not the elements of the crime of conviction, that matter." Byun, 539 F.3d at 992.

7

The defendant points to Second Circuit case law governing sentencing enhancements to support his position that this Court should apply a categorical approach.[3] (Doc. 29 at 4-6.) The Second Circuit has held that, with a few exceptions, the courts must apply a categorical approach at sentencing. United States v. Beardsley, No. 11-cr-2206, 2012 WL 3641933, at *18-19 (2d Cir. Aug. 27, 2012) (applying categorical approach to New York state conviction for child endangerment in deciding whether sentencing enhancement under federal child pornography statute applied to defendant). The defendant's reliance on this case law overlooks the procedural posture of the pending motion to dismiss. The Court is not imposing a sentence here. Rather, it is deciding whether to dismiss the indictment against the defendant prior to trial. Factual disputes regarding his predicate offenses cannot be resolved at this stage. See United States v. Brown, No. 11-cr-174, 2012 WL 604185, at *5 (W.D. Pa. Feb. 24, 2012) (declining to resolve factual dispute regarding applicability of SORNA's registration requirements through motion to dismiss indictment); United States v. Miller, 694 F. Supp. 2d 1259, 1267-68 (M.D. Ala. 2010) (denying motion to dismiss indictment as premature and suggesting that applicability of SORNA raised question of fact).[4]

---

[3] Much of the case law analyzing the meaning of "specified offense against a minor" addresses the imposition of sex registration requirements at sentencing. See Dodge, 597 F.3d at 1351; Byun, 539 F.3d at 986. While these cases assist the Court in its statutory analysis, the holdings ultimately reached regarding the applicability of the categorical approach or the modified categorical approach have no bearing here.

[4] The defendant attempts to distinguish these cases on the grounds that the district courts there applied Rule 12(b)(3), as opposed to Rule 12(b)(2). (Doc. 29 at 3.) This distinction is irrelevant. Rule 12(b)(3) provides some motions must be raised before trial, including "motions alleging a defect in the indictment or information." The rule then carves out "claim[s] that the indictment or information fails to invoke the court's jurisdiction or to state an offense" from this limitation. See Fed. R. Crim. P. 12(b)(3)(B). Rule 12(b)(2) is the operative provision. Rule 12(b)(3) simply imposes time limitations on some motions made under Rule 12(b)(2). That Brown, 2012 WL 604185, at *3 and Miller, 694 F. Supp. 2d at 1266, both cite to Rule 12(b)(3)(B), not Rule 12(b)(2), is therefore irrelevant. The defendants in both cases sought the same relief as the defendant here.

If the motion to dismiss the indictment raised a pure question of law, the Court would nevertheless decline to resolve it here. While motions to dismiss may resolve questions of law in some federal circuits, e.g., United States v. Flores, 404 F.3d 320, 324-25 (5th Cir. 2005), other circuits prohibit such rulings, e.g., United States v. Salman, 378 F.3d 1266, 1268-69 (11th Cir. 2004). Neither the parties nor this Court has located case law from the Second Circuit conclusively stating that district courts may (or may not) decide motions to dismiss based on pure questions of law before trial. The Second Circuit has made it clear that, absent a full evidentiary proffer by the government, the courts cannot decide factual questions before trial. See Alfonso, 143 F.3d at 776-77. There is no provision in the Federal Rules of Criminal Procedure explicitly permitting pretrial judgment on the merits of a criminal prosecution. Salman, 378 F.3d at 1269. The Federal Rules of Civil Procedure, in contrast, permit such decisions. See Fed. R. Civ. P. 56. Accordingly, had the defendant raised a legal question regarding the government's proof at trial, the Court would nevertheless have declined to address it.

IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss the indictment (Doc. 19) is DENIED. This case shall be placed on the December 11, 2012 jury draw calendar.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of October, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge